**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VALERIE LOCKARD,**

Plaintiff,

v.

**NOVARTIS PHARMACEUTICALS CORPORATION,**

Defendant.

**Case No. 3:08-cv-00818-EAK-EAJ**

# CASE MANAGEMENT REPORT

## I. Statement of Case

This is a products liability action arising out of decedent James Lockard's use of defendant Novartis Pharmaceutical Corporation's ("Novartis") prescription intravenous bisphosphonate medications Aredia® and Zometa®, which are prescribed by oncologists to treat the effects of cancer that has attacked the bone. Mr. Lockard had multiple myeloma, a type of cancer that forms in the bone marrow and can destroy bone. In an effort to prevent skeletal related events, his oncologists prescribed Aredia® and later Zometa®, which were the only medications approved by the FDA for the prevention and/or delay of skeletal related events in patients with multiple myeloma. James Lockard alleged that his use of Aredia® and Zometa® caused him to develop a condition known as osteonecrosis of the jaw ("ONJ"). Mrs. Lockard seeks to continue this lawsuit after Mr. Lockard passed away from complications of his myeloma in 2008. Novartis has filed a motion to dismiss based on Mrs. Lockard's inability to pursue these claims. Mrs. Lockard opposes this motion.

Shortly after this case was filed in 2008 in the United States District Court for the Middle District of Florida, it was transferred and consolidated into a multidistrict litigation pending in the United States District Court for the Middle District of Tennessee and styled *In re Aredia® and Zometa® Products Liability Litigation*, No. 3:06-MD-1760 (M.D. Tenn.) (the "MDL"). In March 2014, this case was remanded back from the MDL to the Middle District of Florida. As discussed in more detail below, although certain disclosures and some discovery was completed in the MDL, additional discovery and motions practice remains to be completed.

**II. Agreed Proposed Schedule**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| | **Agreed Deadline** |
|---|---|
| Deadline for Filing Corporate Disclosure Statement and Certificate of Interested Persons | **6/6/14** |
| Deadline to file Motions to join or amend parties or to add a Third Party Complaint | **6/23/14** |
| Deadline for plaintiff to provide written discovery responses to Novartis | **7/11/14** |
| Deadline for disclosure of Damages Witnesses Plaintiff May Call at Trial | **8/18/14** |
| Deadline for Close of Damages Discovery | **9/26/14** |
| Deadline for Plaintiff's Rule 26(a)(2) Expert Disclosures | **10/24/14** |
| Deadline for Novartis's Rule 26(a)(2) Expert Disclosures | **11/21/14** |
| Deadline for Rebuttal Expert Disclosures | **12/5/14** |
| Close of Expert Discovery | **1/16/15** |
| Deadline for *Daubert* Motions Challenging Expert Testimony and/or Motions For Summary Judgment or Motions Regarding Punitive Damages | **On or before 2/12/15** |
| Deadline for Oppositions to *Daubert* Motions Challenging Expert Testimony and/or Motions for Summary Judgment | **28 Days Following Filing of the Motion** |
| Deadline for Replies to *Daubert* Motions Challenging Expert Testimony and/or Motions for Summary Judgment | **14 Days Following Filing of Plaintiff's Opposition** |
| Deadline for the parties to Meet and Confer Regarding Pre-Trial Statement and Deadlines for Additional Pre-Trial Activities | **4/13/15** |
| Deadline to Exchange Exhibits and Deposition Designations | **4/27/15** |

| | |
|---|---|
| Deadline to Exchange Counter-Designations and Objections to Exhibits and Deposition Designations | **5/4/15** |
| Deadline to Exchange Objections to Counter-Designations | **5/11/15** |
| Deadline to submit Pre-Trial Statement, Disputed Motions *in Limine*, and any stipulations | **5/21/15** |
| Deadline to submit Oppositions to Motions *in Limine* | **6/18/15** |
| Pretrial Conference | **7/1/15** |
| Trial | **8/17/15** |
| Estimated Length of Trial | **13 Days** |
| Jury/Non-Jury | **Jury** |
| Mediation | **The parties believe mediation would not be productive at this time.** |
| All Parties Consent to Proceedings Before Magistrate Judge | **No.** |

## III. Meeting of Parties In Person and Telephonically

Counsel for plaintiff and defendant met telephonically regarding the preparation of this Case Management Report on May 14, 2014. The meeting was attended by Robert G. Germany on behalf of the plaintiff and John M. Kalas on behalf of Novartis.

## IV. Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) – (D) Disclosures

The parties have exchanged information described in Federal Rule of Civil Procedure 26(a)(1)(A) - (D) on various dates throughout the multi-district litigation ("MDL") process. Both parties agree to continue updating disclosures during the duration of this matter as required by the Federal Rules of Civil Procedure and the Orders of this Court.

## V. Agreed Discovery Plan

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above. The parties agree that they do not anticipate that any party will likely request

or produce general information from electronic or computed-based media at this time, as production of voluminous documents by Novartis has already occurred in the MDL. In the event additional information maintained in an electronic or computer-based format is identified during discovery of individuals with knowledge of Mrs. Lockard's claims, the parties will confer regarding those issues as appropriate. Should it be necessary to file documents under seal, the parties are aware of the need to file a motion regarding sealing.

**A. Certificate of Interested Persons and Corporate Disclosure Statement**

The parties have set a June 6, 2014 deadline to file their respective corporate disclosure statements and certificates of interested persons.

**B. Discovery Not Yet Completed**

While the case was pending in the MDL, partial fact discovery was conducted. All discovery of Novartis was completed and several of Mr. Lockard's treating physicians were deposed. The MDL court remanded this case prior to expert or damages discovery and prior to the filing of dispositive motions. That discovery and briefing remains to be completed by the dates agreed to previously in this Case Management Report.

The parties shall not file discovery materials with the Court except as provided in Local Rule 3.03. The parties further agree to the discovery plan previously outlined in this report.

**C. Limits of Discovery**

**1. Depositions**

Depositions of Novartis's general, case-wide witnesses were completed in the MDL proceedings. As noted above, expert discovery and damages discovery remain to be completed.

**2. Interrogatories and Requests for Production**

Written discovery was served in the MDL on plaintiff in 2013 and 2014. To date, Novartis has received no response to its written discovery. Therefore, plaintiff's responses are eight and two months overdue, respectively. Plaintiff agrees to serve complete written responses by July 11, 2014. If Novartis does not receive a response, it reserves the right to move to compel responses.

**3. Requests to Admit**

Requests for admission shall be governed by the Federal Rules of Civil Procedure.

**4. Supplementation of Discovery**

Supplementation of discovery responses will be governed by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.

**D. Discovery Deadline**

The parties have conferred and have reached agreement as to the discovery deadline dates outlined in the proposed schedule.

**E. Disclosure of Expert Testimony**

The parties have conferred and have reached agreement as to the deadline for the disclosure of expert testimony in this case.

**VI. Final Date for Filings of Certain Motions**

The parties have agreed that the final date for the filing of motions for leave to file third party claims or for leave to join other parties is June 23, 2014. The parties have also agreed that the filing deadline for summary judgment motions is on or before February 12, 2015.

**VII. Settlement and Dispute Resolution**

The parties agree that settlement is unlikely at this time. The parties do not request a settlement conference before a Magistrate Judge. The parties do not agree to arbitrate. The

parties request that any requirement to conduct mediation be waived. The parties have not agreed to a mediator. The parties agree that 30 days after a ruling on punitive damages or 30 days prior to trial (whichever is earlier) is the last date for mediation should the Court deem mediation necessary.

**VIII. Final Pretrial Conference and Trial**

As noted above, the parties expect to be ready for a Final Pretrial Conference no later than July 1, 2015, and expect to be ready for trial no later than August 17, 2015. The parties do not believe a preliminary pretrial conference is necessary at this time.

Respectfully submitted,

s/ Heather A. Pigman
Heather A. Pigman
Fla. Bar No. 119938
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
hpigman@hollingsworthllp.com

Michael Thomas
Florida Bar No. 478229
PENNINGTON, P.A.
215 S. Monroe St, 2nd Floor
Tallahassee, Florida 33607
(850) 222-3533
(850) 222-2126 (fax)
mike@penningtonlaw.com

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

s/ Timothy O'Brien
Timothy O'Brien
Florida Bar No. 055565
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY, & PROCTOR, P.A.
316 S. Baylen St., Suite 600
Pensacola, FL 32502
(850) 435-7000
(850) 436-6131 (fax)
tobrien@levinlaw.com

*Attorney for Plaintiff*
*Valerie Lockard*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 30th day of May 2014, a true and correct copy of the foregoing has been filed via the Court's Electronic Case Filing System and has been served on the following:

Timothy O'Brien
Florida Bar No. 055565
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY , &
PROCTOR, P.A.
316 S. Baylen St., Suite 600
Pensacola, FL 32502
(850) 435-7000
(850) 436-6131 (fax)
tobrien@levinlaw.com

*Attorney for Plaintiff*
*Valerie Lockard*

s/ Heather A. Pigman
Heather A. Pigman

*Attorney for Defendant*
*Novartis Pharmaceuticals Corporation*